ALONZO YORK, Administrator, *et al. v.* J. M. CRAWFORD, Administrator, *et al.*

1. PROCESS: COPY MUST BE SERVED UPON DEFENDANT: CASE IN JUDG-
MENT. — The statute requires that original process shall be served person-
ally on the defendant, if to be found, and a true *copy* thereof delivered to
him. Hence a return by the sheriff, " executed on the defendants in person,"
is insufficient to warrant a judgment by default.

2. ACTION ON BOND WITH CONDITIONS WHEN SPECIAL BREACHES ASSIGNED:
JUDGMENT BY DEFAULT WITHOUT WRIT OF INQUIRY ERRONEOUS. — In
an action on a bond with conditions annexed, when special breaches are
alleged in the declaration, it is error to render a judgment by default with-
out awarding a writ of inquiry.

ERROR to the Circuit Court of Lafayette county. Hon. John W. Thompson, judge.

*Phipps & Phipps*, for plaintiffs in error, cited as to first as-
signment of error, Rev. Code, 521, art. 253; 3 S. & M. 234;
1 Cushman, 276; 30 Miss. 470. Second assignment of error,
Rev. Code, 489, art. 64.

No counsel for defendants in error.

Thomas Davis, Administrator, *v. J. W. Patty.*

PEYTON, J., delivered the opinion of the court.

This was a suit on a bond conditioned to make title to certain real estate. The breaches were assigned in the declaration. And the record shows the following service of process on the defendants in the court below : " Executed on the defendants in person."

Judgment by default was rendered in favor of the plaintiffs against the defendants for the sum of $617.93 debt and damages, and from this judgment they prosecute this writ of error, and make the following assignments of error :

1. The court erred in rendering judgment final, by default, on a penal bond, without awarding a writ of inquiry and impanelling a jury to assess the damages.

2. The insufficiency of the sheriff's return on the summons.

The statute requires that original process shall be served personally on the defendant, if to be found, and a true copy thereof delivered to him. Rev. Code, 489, art. 64. And as the sheriff's return does not show that copies of the process were delivered to the defendants, the service is insufficient to warrant a judgment by default against them.

It was also error in the court below to render judgment final on a bond with conditions annexed, when special breaches are alleged in the declaration. In such case, a writ of inquiry should be awarded, and a jury impanelled to assess the damages according to the evidence.

For these reasons the judgment will be reversed and the cause remanded.